### ADAMS *against* WHITTLESEY.

*June 29.*

A known public agent, who employs a person to perform services, in the matter of his agency, without stipulating to become personally liable, cannot be subjected, in an action for such services; the law presuming them, in such case, to be performed on the credit of those who derive the benefit, and who, on this ground, are responsible for them.

THIS was an action of book-debt, demanding the sum of 450 dollars; which was tried on the general issue, at *Danbury, September term*, 1819, before *Hosmer*, Ch. J.

On the trial, the plaintiff exhibited his account, consisting of sundry items, amounting to the sum of 418 dollars, 88 cents, for labour done, and expenses incurred, in making and repairing a certain public highway, in the town of *Fairfield*, which it

was the duty of that town to maintain ; for which he claimed, that the defendant was liable in this action. The defendant admitted, that he had employed the plaintiff to make and repair the highway; and that most of the labour and expenses charged in the plaintiff's account, had been actually performed and incurred by him. The defence was, that in *November*, 1816, the county court for *Fairfield* county, duly appointed the defendant an agent, pursuant to the statute, *tit.* 86. *c.* 2. *s.* 3., to make and repair the highway, which was well known and understood, by the plaintiff; and that in making the contract with him, the defendant did not *personally* contract to remunerate him, but acted in pursuance of his appointment, as a known public agent. To establish this defence, the defendant read in evidence the following commission, signed by the clerk of the county court : " To *Matthew B. Whittlesey*, Esq. of *Danbury*, in the county of *Fairfield.* Whereas complaint was made, by *Samuel B. Sherwood*, state's attorney for said county, to the county court holden at *Danbury*, in and for said county, on the third *Tuesday* of *November*, 1816, complaining, that the town of *Fairfield* in said county, had neglected to make, repair, and maintain a certain public high-way, leading from *Jonathan Coley's* mill in *Weston*, over a part of the town of *Fairfield*, near *Aspatuck* river, and passing near *Treadwell's* saw-mill; that said court found the select-men of said town of *Fairfield*, *guilty* of said neglect ; and ordered, that said road should be made, and put in good and sufficient repair for travelling, by the 1st day of *August* next ; and that in case said select-men neglected to do their duty, said court appointed you as their agent, to do the same, at the expense of said select-men : now, in case said select-men do not do their duty, as required by said court, according to the the time prescribed by said court, you will, in that case, cause said road to be made, and put in good and sufficient repair for travelling, and bring in your account of the money, by you expended, &c. Dated, at *Fairfield*, the 4th day of *December*, 1816."

The plaintiff claimed, and offered evidence to prove, that in point of fact, the defendant had made himself personally liable, by his contract with the plaintiff, for the labour and and expences charged. He further claimed, that the defendant, under his appointment by the county court, was not, in

*Fairfield,*
*June,*
*1821.*

*Adams*
*v.*
*Whittlesey.*

contemplation of law, a public agent, nor an agent in any sense. He, therefore, prayed the judge to instruct the jury, that, if they should find, that the defendant had employed the plaintiff to make and repair the highway, they must find the issue for the plaintiff, notwithstanding they should find, that in so doing, he acted in pursuance of his appointment by the county court, and this was known to the plaintiff.

The judge instructed the jury as follows : " The defendant was appointed, by the county court, an agent, to superintend the making of a public road ; for the doing of which, the plaintiff now exhibits his charges on book. You will ascertain from the proof, whether it was known or understood, by the plaintiff, when he made his contract with the defendant for the making of this road, that the defendant was a public agent, appointed to procure it to be made. If you find this fact, it will then become necessary for you to enquire, whether the defendant agreed with the plaintiff to become personally bound to remunerate him. A known public agent, who employs a person to make advances, or perform services, in the matter of his agency, is under no obligation to make payment, for the advances, or services, unless he agrees to become personally liable for them. In the absence of a special contract, on the part of the agent, that he will be liable for them, they are presumed in law to be made, or done, on the credit of those who derive the benefit of them, and who, on this ground, are responsible for them. But the agent may bind himself to make payment, by special agreement. From this it follows, that if the defendant did not agree with the plaintiff, in substance, that he, personally, would be indebted to him, for his services and expences, he is under no legal obligation to make payment. But if the defendant specially contracted with the plaintiff, no matter in what form of expression, that on his making the road, the defendant, personally, would be indebted for it, then he is under a legal obligation to pay the debt."

The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial, on the ground of a misdirection.

*Daggett* and *Bissell*, in support of the motion. The plaintiff has performed services and incurred expenses, for which he is entitled to remuneration. These services and expenses

were performed and incurred, at the defendant's *request*. The general principle of law will render the defendant liable, unless he is exempted, by reason of the situation in which he stood ; and it is incumbent on him to shew, that he is within the exemption. Has he done this ? His only ground of exemption, is, that he was a *known agent*. Where there is an *agent*, there must be a *principal ;* the term being strictly *relative*. But who was the defendant's principal ? Was it the corporate body, for whose benefit the contract was made ? That corporate body was the town of *Fairfield ;* the town *proceeded against ;* that would have been the last to confer or sanction the power exercised by the defendant. The county court was the instrument of his appointment. But was the county court, in any sense, his principal ? They had no interest in the subject matter ; they acted *judicially ;* and it will not be claimed, that the defendant did, or could, bind them. If the county court cannot be considered as a principal, still less can the government, which is farther removed, be so considered.

But suppose the defendant was in fact the agent of the government, and this was known to the plaintiff; still the defendant is personally liable, unless he contracted *on the part of the government. Sheffield* v. *Watson*, 3 *Caines* 69. In *Macbeth* v. *Haldimand*, 1 *Term Rep.* 172., *Unwin* v. *Wolseley*, 1 *Term Rep.* 674., and *Hodgson* v. *Dexter*, 1 *Cranch* 345., it appeared *from the face of the contract*, that it was entered into in behalf of the government. *Rice* v. *Chute*, 1 *East* 579. was decided on the ground, that it was the understanding of the parties, that the defendant did not contract as an individual, but in behalf of the government. In *Hovey* v. *Magill*, 2 *Conn. Rep.* 680. and *Shelton* & al. v. *Darling*, 2 *Conn. Rep.* 435. the defendant contracted *as agent*, professing to act only for his principals. In all these cases, the contract was made *with* the government, or the company ; and the government or company alone could sue for a breach. But if *Adams*, in the present case, had not fulfilled, who could sue ? No one but *Whittlesey*. If he was a party to the contract, in such a sense, that he could and must sue on it, he may be sued on it.

*N. Smith* and *Sherman*, contra, after adverting to the charge in connexion with the case, remarked, that the jury must have found, that the defendant's character, as a public agent, was

*Fairfield,*
*June,*
*1821.*

Adams
*v.*
Whittlesey.

known to the plaintiff, and that the defendant did not make himself personally liable, by the terms of the contract. They then contended, That a known public agent, acting in relation to a matter within the scope of his agency, is, *prima facie,* to be considered as contracting on the part of the public, and is not personally responsible. Government can act only by its agents ; and no prudent man would be an agent, if he were to be personally bound. The defendant, in this case, received no benefit from the contract, or from the plaintiff's labour, and disbursements under it. Whether the government can be sued, is not the test of the agent's responsibility ; for in none of the cases, in which it has been held, that the agent was not liable, would an action lie against the government. Still there is no reason to apprehend a failure of justice ; for the public faith, to which the plaintiff gave credit, when he engaged to do the service, is pledged for his remuneration. The ground of reasoning assumed by the court, in *Sheffield* v. *Watson,* 3 *Caines,* 69. was opposed to the decision of the *King's Bench,* in *Macbeth* v. *Haldimand,* 1 *Term Rep.* 172., and *Rice* v. *Chute,* 1 *East,* 579., as also of the supreme court of the *United States,* in *Hodgson* v. *Dexter,* 1 *Cranch,* 345., and has since been over-ruled, by the supreme court of *New-York,* in *Walker* v. *Swartwout,* 12 *Johns. Rep.* 444., and some later cases.

HOSMER, Ch. J.  This is an action of book-debt for the making and repairing of a high-way.

The county court of *Fairfield* county, on the complaint of the state's attorney, directed the select-men of *Fairfield,* within a specified time, to put a certain public high-way within that town, in good and sufficient repair ; and in case of their neglect, appointed the defendant " an agent," to do it, *at the expense of the select-men.* For the performance of this duty, he was to exhibit his account to the court for adjustment, " that execution might issue against the select-men for the money" he should expend.

The defendant admitted, that he had employed the plaintiff to make and repair the high-way, and that most of the labour had been actually performed. The jury were charged, if the defendant contracted to become *personally obliged, or bound,* to pay the plaintiff for his services, that he was under a legal obligation to satisfy the debt ; but, if they should find, that at

the time the contract was made, the plaintiff knew, or understood, that the defendant was *a public agent*, for causing the road to be made, in the absence of a special agreement to pay him for his services, that the defendant was not indebted to him. And this general principle was stated to them, "that a known public agent, who employs a person to make advances, or perform services, in the matter of his agency, is under no obligation to make payment for the supplies, or services, unless he agrees to become personally liable ; and, in the absence of a special contract, on the part of the agent, that he will be liable for them, they are presumed, in law, to be made or done, on the credit of those who derive the benefit, and who, on this ground, are responsible to pay for them." A verdict was brought in for the defendant ; and it is a clear presumption, *that a promise of personal responsibility, by the defendant, was not proved.*

There exists no doubt, if the person performing service, on the request of an agent, supposes him to be the principal, not having received information that it was for the benefit of another person ; or if the agent declines to give any information on the subject ; or if the person who did the service, refused to perform it on the credit of the principal, and did it on the credit of the agent ; that, in all these cases, the agent would be responsible. *Owen* v. *Gooch,* 2 *Esp. Rep.* 567. The case under discussion, is not embraced by either of the classes, which have been mentioned. The plaintiff had full knowledge of the defendant's agency ; and the defendant derived no personal benefit from the plaintiff's services, and did not agree to be personally obliged to make payment.

The question for decision is precisely this ; whether on the facts appearing, the law implies a contract of personal liability on the part of the defendant.

The answer to this inquiry has uniformly been in the negative, unless the case of *Sheffield* v. *Watson,* 3 *Caines,* 69., may be considered an exception ; and whether it be or not, is not worth the examination, as it was doubted, and courteously over-ruled, in the case of *Walker* v. *Swartwout,* 12 *Johns. Rep.* 444.

Implied contracts are such as reason and justice dictate, and which, therefore, the law presumes that every man undertakes to perform ; but it never has been supposed, that the dictates of reason or justice require a known agent, to pay for servi-

*Fairfield,*
*June,*
*1821.*

Adams
*v.*
Whittlesey.

ces rendered for the benefit of his principal.    The rule on this subject is accurately declared, by *Spencer*, Ch. J., in *S. & J. Rathbon* v. *Budlong*, 15 *Johns. Rep.* 1.   " The general principle, (said he) is, that an agent is not liable to be sued upon contracts made in behalf of his principal, if the name of his principal is disclosed, and made known to the party contracted with, at the time of entering into the contract."    And in *Brown* v. *Austin*, 1 *Mass. Rep.* 208., it was determined, that " a public agent, contracting as such, is not personally liable ; and although in ordinary cases, the law implies a promise and personal obligation, as necessarily resulting from services performed on request ; *yet such implication never arises*, when it appears, that the request was made, by a public agent, acting in a public concern."    Had the case called for the remark, it might, and probably would, have been added, " nor on request made, by a private agent, in a private concern ;" and " that there is no difference between the agent of an individual, and of the government, as to their liabilities."    See *Rathbon* v. *Budlong*, 15 *Johns. Rep.* 1.    In *Macbeth* v. *Haldimand*, 1 *Term Rep.* 172., and many other cases, the same point, in relation to implied contracts, has been adjudged ; and is, likewise, necessarily inferred from determinations, which have gone the length of deciding, that an express promise of a known agent, does not bind him personally, unless it was thus intended ; and that " the intent of the agent to bind himself personally, must be very apparent, indeed, to induce such a construction of the contract."    *Hodgson* v. *Dexter*, 1 *Cranch* 345.    And for this there exist strong reasons ; the manifest injustice of passing by the person benefitted, and fixing a responsibility on the agent, unless he clearly intended it ; and the public inconvenience of adopting a rule, that, at least, would put in hazard the existence of those friendly acts of one person for another, which are very frequent, and will continue so to be, so long as they are unattended with risk.    This subject I will pursue no further, as the exigencies of the case do not require it, and content myself with a reference to some of the principal determinations.    *Unwin* v. *Wolseley*, 1 *Term Rep.* 674., *Macbeth* v. *Haldimand*, 1 *Term Rep.* 172., *Appleton* v. *Binks*, 5 *East* 148.,   *Owen* v. *Gooch*, 2 *Esp. Rep.* 567., *Hodgson* v. *Dexter*, 1 *Cranch*, 345., *Walker* v. *Swartwout*, 12 *Johns. Rep.* 444., *Pochin* v. *Pawley*, 1 *Bla. Rep.* 670., *Rathbon* v. *Budlong*, 15 *Johns. Rep.* 1., *Olney* v. *Wickes*,

18 *Johns. Rep.* 122., *Randall* v. *Van Vechton*, 19 *Johns. Rep.* 60.

I feel constrained, by civility, to take notice of an objection, which, if it had not been distinctly made, would never have occurred to me. It has been said, that, from the facts stated, the defendant was not an agent, but the principal. Who, then, is a principal? I answer, one primarily and originally concerned, and who is not an accessary, or auxiliary.—Who is an agent? A substitute, or a person employed to manage the affairs of another. The test on this enquiry, is, who derives *the benefit?* The person receiving goods, or employing workmen, for his own advantage, is a *principal ;* and he who receives, or employs workmen for another, is *an agent.* It contradicts the plainest meaning of language, to assert, that the defendant, who derives no more advantage from the repaired highway, than every other man in the state, and whose only business it was, to act by an appointment, was other than an agent. He performed the business of a surveyor of highways ; and was no more a principal than he is.

It has been enquired, if the defendant is only an agent, who, then, is the principal, to whom the plaintiff may look for compensation? If the question was not susceptible of a satisfactory answer, it would present no dilemma. It matters not, whether there is, or is not a remedy ; and this point has often been decided. (See *Macbeth* v. *Haldimand.*) Such is the condition of all the contracts made by the agents of government, the payment of which there is no legal mode of coercing. Besides, the contemplated difficulty is *voluntary,* on the part of the creditor. He may always shield himself, by insisting on the special liability of the agent, at the outset.

But, the principal, in this case, is not concealed. It is the government, who have required the repair of highways ; and unless the fund for payment is derived in the mode prescribed by law, of which there is no question, the *public faith* is an adequate security.

I am of opinion, that legal justice has been done, and would not advise a new trial.

PETERS, CHAPMAN, and BRAINARD, Js. concurred.

BRISTOL, J. expressed some doubt, whether the general doctrine, in the form stated by the Chief Justice, was entire-

ly correct; but, considering the nature of the transaction, in this case, he acquiesced in the decision.

New trial not to be granted.