### PERRY and others *against* HYDE and others.

A known public agent, acting *bona fide* in that capacity, is not personally
  liable, though the other party may be without remedy against the public,
  unless he binds himself, by the terms of the contract.

In such case, the personal liability of the agent is resolvable into a question
  of intention.

In courts of general jurisdiction, the proceedings are not void, if the court has
  jurisdiction of the person and the subject matter, though it has not juris-
  diction of the process, and the proceedings are, for that reason, erroneous.

Therefore, where *A.* and others, being appointed, by the county court, on
  the complaint of the state's attorney, a committee to build a bridge for the

*Windham,*
July, 1834.

Perry
*v.*
Hyde.

town of *F.*, contracted in their said capacity and under and by virtue of their appointment, with *B.* and others to build the bridge, stipulating that *B.* and others should be entitled to a certain sum as a full compensation for building said bridge, to be collected of the town of *F.*, and paid in such way as the county court should direct, without any expense to the committee or either of them; *B.* and others built the bridge according to the contract, and presented their account to the county court, by whom it was allowed, and execution was ordered against the town of *F.* for the amount; after which the judgment of the county court appointing such committee was set aside, on the ground that the state's attorney had no authority to prefer such complaint, and the proceedings founded thereon were erroneous; it was held, in an action of *assumpsit*, brought by *B.* and others, against *A.* and others, for the building of the bridge, that the defendants were not liable.

THIS was an action of *assumpsit* to recover compensation for the erection of a bridge across the *Shetucket* river in *Franklin.* The first count stated, That on the 15th of *September,* 1829, the defendants, representing and holding out themselves to be a committee appointed by the county court of *New-London* county for the building of a bridge for the town of *Franklin,* in pursuance of an order of said court against said town, across the *Shetucket* river, at a place where a bridge was formerly built, called *Ward's* bridge, applied to the plaintiffs to build such bridge; that at the special instance and request of the defendants, the plaintiffs, verily believing and supposing that the defendants were a committee fully and legally authorized to contract with the plaintiffs, did contract with the defendants, and the plaintiffs and defendants did interchangeably execute and deliver, each party to the other, their contract in writing, as follows: " Be it remembered, that on the 15th day of *September,* 1829, it is agreed by and between *Amasa Hyde, William Ladd, Stephen Tracy* and *Roswell Morgan,* on the one part, as a committee appointed by the county court for *New-London* county, at the *November* term of said court, 1828, and at the *June* term of said court, 1829, for the building of a bridge for the town of *Franklin* in said county, in pursuance of an order of said court passed against said town, across the river *Shetucket,* at the place where the bridge was formerly built, called *Ward's* bridge, in said town of *Franklin,* and *Benjamin Perry, Timothy P. Perry* and *Charles Beckwith,* on the other part, each jointly and severally promise and agree to and with the said committee, in their said capacity, in the

manner following, *viz.* the said *Perry*, &c. for the consideration hereinafter mentioned, do, for themselves, and each and every of them, covenant with, and promise and agree to and with the said *Hyde*, &c. in their said capacity, appointed as aforesaid, that they, the said *Perry*, &c. shall and will, within the term and space of nine months, erect such bridge, [in the mode particularly described.] In consideration thereof, the said committee, in their capacity, and under and by virtue of their said appointment as aforesaid, agree to and with the said *Perry*, &c. that they shall be entitled to 947 dollars, 50 cents, as a full satisfaction for building said bridge ; which sum is to be collected of said town of *Franklin*, and paid by them, in such way and manner as shall and may be ordered and directed, by said county court, after the finishing and completing of said bridge to the satisfaction of said committee ; the said *Perry*, &c. to procure all the materials, and to do all the labour necessary for the making and finishing of the same, at the cost and charge of said *Perry*, &c, and at the expense of said town of *Franklin*, and without any expense to said committee, or either of them ; and for the performance of these articles, the said *Perry*, &c. for themselves, and the said committee, in their said capacity, hereunto set their hands, this 15th day of *September*, 1829." [Signed by the parties.] That in consideration that the plaintiffs had undertaken, and to the defendants faithfully promised to do and perform all things in said contract contained by them, the plaintiffs, to be done and performed, they, the defendants, then and there undertook and to the plaintiffs faithfully promised to do and perform all things on their part to be done and performed ; that within nine months from the date of said contract, and by the first *Monday* of *June*, 1830, the plaintiffs made, completed and finished said bridge, in all respects and particulars, as in said contract specified, and the same was by the defendants accepted and approved as being according to said contract ; that in the building of said bridge, the plaintiffs, at the special instance and request of the defendants, furnished other materials, and performed o her labours not included in or required by said contract, to the amount of 80 dollars ; that at the term of said county court held on the second *Tuesday* of *June*, 1830, the defendants presented to said court an account of said materials furnished and work done and performed in and upon the

HARVARD LAW LIBRARY

*Windham,*
*July, 1834.*

Perry
*v.*
Hyde.

building of said bridge and of the said other materials found and work done and performed, amounting together to the sum of 1004 dollars, 78 cents; that said accounts were by said court allowed; and said court did thereupon order and direct, that execution should be granted against the inhabitants of said town of *Franklin* for said sum, with costs; and that execution was issued accordingly.

The declaration further averred, that the defendants did not perform what was by them, in their said contract, stipulated and agreed, because they were not authorized and empowered, by said county court, to build said bridge, or to contract for the building of the same, excepting only as *Jacob B. Gurley*, Esq., as the attorney for the state for the county of *New-London*, presented his information to the county court of said county, on the third *Tuesday* of *November*, 1826, setting forth, that there was a public highway in said town of *Franklin* crossing the river *Shetucket ;* that where said highway crossed said river there formerly was a bridge, called *Ward's* bridge; but that for many years then last past, there had been no bridge over said river in said highway, whereby the public travel was obstructed and incommoded; that public convenience and necessity required, that a bridge should be there erected; and that it was the duty of the town of *Franklin* to build the same, but that they neglected and refused so to do. It was then averred, that thereupon such proceedings were had, that said court ordered said town to build a bridge at said place, and appointed the present defendants a committee to build the same; but that said attorney had not by law any authority to prefer such complaint, nor had said court, on said complaint, any power or authority to appoint said committee, nor to order said town to pay the expense of building said bridge; that these facts, at the time of making said contract, were well known to the defendants, but were not communicated to the plaintiffs, or known by them. It was further alleged, that after the making of said order by said county court, said town of *Franklin* prayed out a writ of error, returnable to the superior court in *New-London* county, on the second *Tuesday* of *September*, 1830, and by said superior court said order of the county court was reversed and set aside, on the ground of the want of authority in said

county court to make said order and to appoint said committee on said complaint.*

There was another special count, and a general count for materials furnished and labour performed by the plaintiffs, at the special instance and request of the defendants.

The cause came on to be tried, at *Brooklyn, October* term, 1832, before *Williams,* J.

The contract set forth in the declaration and the proceedings in the county and superior court, were proved, as alleged in the declaration ; and it was admitted, that the defendants had no authority, except what was conferred thereby to execute such contract. It was also admitted, that in pursuance of the contract, the plaintiffs proceeded to build the bridge, and did, on their part, what was required of them, by the contract; and that the materials by them found and the labour by them performed, were of the value of 940 dollars, 50 cents. No other evidence was exhibited in the cause. By consent of parties, the case was reserved for the consideration of this court, under an agreement, that if upon the facts, they should be of opinion that the plaintiffs were entitled to recover in this suit, the issue should be found for them, and judgment rendered in their favour for the sum of 947 dollars, 50 cents, with interest and costs ; but if, in the opinion of the court, the plaintiffs, upon the facts of the case, were not entitled to recover in this suit, the issue was to be found and judgment rendered for the defendants.

The case was argued, by *Goddard* and *Strong,* for the plaintiffs, and by *J. W. Huntington* and *Child,* for the defendants, in *July,* 1833. After consultation, it was continued to this term ; when it was argued again, by *Goddard* alone, for the plaintiffs, and by the same counsel, for the defendants.

The counsel for the plaintiffs remarked, that the plaintiffs had expended their labour and materials at the request of the defendants, and could receive no remuneration from the town, because the defendants had no authority to contract; their appointment as committee being void, as much so as if

* This judgment of reversal was afterwards affirmed, by the supreme court of errors. See *The State* v. *Franklin,* 9 *Conn. Rep.* 32—37.

HARVARD LAW LIBRARY

*Windham.*
*July 1834.*

*Ferry*
*v*
*Hyde.*

made upon the complaint of a constable or tything-man. They then contended,

1. That as the loss must fall upon one of the two parties, it ought, in natural justice, rather to fall upon those who assumed to act as the legally authorized agents of the public, than upon those who trusted to their representations, and acted upon the faith of them.

2. That it is an established rule of law, that whenever any person not having authority, holds himself out to be, and contracts as, the legally authorized agent of another, who, by reason of such want of authority, is not thereby rendered liable, the agent is responsible. 1 *Swift's Dig.* 327. 330.  2 *Kent's Com.* 492.  *Shelton* & al. v. *Darling,* 2 *Conn. Rep.* 439. per *Hosmer,* J.  *Hovey* v. *Magill,* 2 *Conn. Rep.* 682. per *Swift,* Ch. J.  *White* & al. v. *Skinner,* 13 *Johns. Rep.* 307. *Mauri* v. *Heffernan,* 13 *Johns. Rep.* 58.  *Hastings* v. *Lovering,* 2 *Pick.* 221.  *Sumner* v. *Williams,* 8 *Mass. Rep.* 162.

3. That there is no distinction, in this respect, between public agents and private ones.  *Adams* v. *Whittlesey,* 3 *Conn. Rep.* 560.  *Rathbon* v. *Budlong,* 15 *Johns. Rep* 1.  Wherever public agents have been held not liable, it has uniformly been because they have given to the party contracting, not a right of action against the public, but all the claim which such an agent could give, and what the party contracting expected to have.  2 *Kent's Com.* 494.  *Macbeath* v. *Haldimand,* 1 *Term Rep.* 172.  *Unwin* v. *Wolseley,* 1 *Term Rep.* 678. *Brown* v. *Austin,* 1 *Mass. Rep.* 208.  *Tippets* v. *Walker* & al. 4 *Mass. Rep.* 597.  *Dawes* v. *Jackson,* 9 *Mass. Rep.* 492.  *Gill* v. *Brown,* 12 *Johns. Rep.* 385.  *Hodgson* v. *Dexter,* 1 *Cranch* 345.

4. That the clauses in the contract going to exclude personal liability, were intended to guard the party against that responsibility which a public agent may assume, and will not protect against that liability which is incurred by a want of competent authority.  They go to exclude the idea of an intention to bind themselves for the public, as similar expressions would, in case of a private agent intending to act as such for his supposed principal; but they constitute no defence where there is no such principal.

5. That though in the case of a promissory note, made by

*Windham,*
July, 1834.

Perry
*v.*
Hyde.

an agent, in the name of and for his supposed principal, there may be a difficulty in maintaining an action against the agent upon the instrument, as in *Long* v. *Colburn,* 11 *Mass. Rep.* 97. and *Ballou* v. *Talbot,* 16 *Mass. Rep.* 461 ; yet where work and labour have been performed and materials found by the plaintiffs, at the request of the defendants, they are responsible in this form of action. *Freeman* v. *Otis,* 9 *Mass. Rep.* 272.

The counsel for the defendants contended, That they were not personally bound, by the stipulations in the contract. This question, they insisted, depended upon *the intention of the parties,* at the time the contract was made. That the parties did not understand the defendants to be personally liable, they argued,

1. From the terms of the contract. The plaintiffs contract with the defendants *as a committee—as public agents*—and expressly stipulate, that the work shall be done *without expense to the committee.*

2. From the conduct of the plaintiffs. They make out their bill, not against the defendants, but against the town. They present it to the county court, and obtain a judgment in their favour against the town.

3. From the nature of the transaction ; which was not private, but public. The rule that public agents are not liable, is well settled. Thus, it has been held, that the overseers of the poor of a town in *New-York,* contracting as such ; (*Olney* v. *Wicks,* 18 *Johns. Rep.* 122.) a quarter-master-general of the army employing boatmen to work for the army ; (*Walker* v. *Swartwout,* 12 *Johns. Rep.* 444.) a committee of the corporation of the city of *Albany* contracting with a person to survey the city ; (*Randall* v. *Van Vechten* & al. 19 *Johns. Rep.* 60.) an agent employed to take testimony in the case of a contested election ; (*Brown* v. *Austin,* 1 *Mass. Rep.* 208.) acting in their public capacities respectively—were not personally liable. To the same effect is the late case of *Adams* v. *Whittlesey,* 3 *Conn. Rep.* 160.— also *Macbeath* v. *Haldimand,* 1 *Term Rep.* 172. *Unwin* v. *Wolseley,* 1 *Term Rep.* 674. *Hodgson* v. *Dexter,* 1 *Cranch* 345. *Gill* v. *Brown,* 12 *Johns. Rep.* 385.

The principal objection is, that the defendants professed to

*Windham,*
*July, 1834.*

*Hyde.*
*v.*
*Perry.*

bind those whom they had no power to bind ; and therefore, they are personally liable. The answer is, in the first place, that the defendants have professed to bind no body. They communicated their authority ; and professed to do just what the law upon the facts of the case authorized, and no more. They shewed their commission, disclosing how they were appointed and the character in which they acted ; and expressly stipulated, that they were not to be personally bound.

But, secondly, the proposition that a man professing to execute a power which he does not possess, is liable on the contract, is not universally true. If the defendants acted as agents to bind the town of *Franklin,* and this is the construction of the contract, they are not liable on the contract. *Ballou* v. *Talbot,* 16 *Mass. Rep.* 461. *Long* v. *Colburn,* 11 *Mass. Rep.* 97. *Harper* & al. v. *Little,* 2 *Greenl.* 14.

The liability of a party acting for another without authority, may be reduced to one of two principles—*fraud* or *negligence.* If one man acts fraudulently for another, he is liable in damages. If he exercises a power negligently, and produces an injury, he is liable. But if he discloses the whole of his authority, and the parties act with equal knowledge, he is not liable. *Sumner* v. *Williams,* 8 *Mass. Rep.* 162. 180. per *Sedgwick,* J.

A further objection is, that if the defendants are not liable, no one is, and the contract is a nullity. Admitting this, it does not follow that the defendants are liable. In none of the cases before referred to, had the plaintiff any legal remedy against any other party. In Gov. *Haldimand's* case, the court say, it makes no difference whether the plaintiff has a remedy against any other party or not. 1 *Term Rep.* 180. In Mr. *Dexter's* case, the claim against the government had been disallowed ; no one else was liable ; but this was not deemed a sufficient reason to subject him. In Gen. *Swartwout's* case, the boatman had no legal claim against others.

Daggett, Ch. J. The defendants, acting, as was supposed by both parties, under the authority of the county court for the county of *New-London,* employed the plaintiffs to build a bridge in the town of *Franklin.* The county court had, indeed, appointed them to cause the bridge to be built ; and they made a written contract with the plaintiffs to perform that ser-

vice, and to receive a stipulated compensation.   It is material to
notice, that it appears on the face of this contract, that the
defendants entered into it, as a committee appointed by the
county court ; and in that capacity, and under, and by virtue
of, their appointment ; that the sum stipulated was to be col-
lected of the town of *Franklin*, and paid by them, in such
way and manner as should be ordered and directed by the coun-
ty court, after the finishing and completing of the bridge, to the
satisfaction of the committee ; and the whole was to be done at
the cost and charge of the plaintiffs and the town of *Frank-
lin*, and without any expense to the defendants, or either of
them.

*Windham,*
July, 1834.

Hyde.
*v.*
Perry.

The only question now is, whether the defendants are *per-
sonally* liable, as the judgment of the county court making
this order against the town of *Franklin*, has been reversed,
since the expenditures were made.

It will be readily perceived, that this question brings directly
into view the doctrine of the liability of agents for contracts
made in behalf of others.   On this subject, the elementary trea-
tises and books of reports, abound with principles and decisions,
which may be deemed to bear, with more or less weight, on the
question.   A few only of them will be noticed ; and those such
as, in my opinion, must decide the point.

1. These defendants profess to act as agents for the public.
This was not distinctly denied.   They were certainly not act-
ing for themselves, nor for other individuals.   They speak of
themselves as a committee appointed by the county court, and
as contracting to build a bridge for the town of *Franklin*, and
to be paid for, by the town.   Indeed, since the case of *Adams*
v. *Whittlesey*, 3 *Conn. Rep.* 560. it is impossible to say, that
they are not public agents.   *Whittlesey*, in that instance, was
declared to be a public agent, by the unanimous opinion of this
court ; and all the law regarding that class of agents was ap-
plied to him.   But he was acting under the authority of the
county court, and for the select-men of *Fairfield*, in relation to
a road, which it belonged to them to repair.

It is, however, objected here, that the judgment of the coun-
ty court was reversed because the process, being commenced
and prosecuted by *Jacob B. Gurley*, as attorney for the State,
was void ; and being void, all the proceedings under it are void,
and cannot, therefore, be said to have existed.   The superior

*Windham,*
July, 1834.

*Perry
v.
Hyde.*

court, and this court, in their judgment of reversal, did not so declare. *The State* v. *Franklin,* 9 *Conn. Rep.* 32. It is to be observed, that the county court is a court of general jurisdiction. It could lawfully exercise jurisdiction over the subject matter, and over the person. The process was irregularly issued, and the judgment, therefore, was erroneous. If it be said, as was said in the case of *Grumon* v. *Raymond,* 1 *Conn. Rep.* 40., that the court must have jurisdiction over the process also, the answer is, that this is true only of courts of limited jurisdiction. The doctrine in 10 *Coke,* 70. (the *Marshalsea* case,) is, that where there is jurisdiction over the person and the thing, the proceedings are not *coram non judice.*

But were the defendants bound to exercise more skill and judgment, with respect to their authority, than the plaintiffs ? The authority was publicly given ; the process must be presumed to have been equally within the knowledge of the parties ; and there is no pretence of concealment or fraud. It may then be difficult to declare, that the defendants shall be the sufferers, or that they did not act as public agents.

2. Are the defendants personally bound, acting as agents for the public ? I am aware, that men acting for the public, or for others as individuals, *may* bind themselves ; but I do not believe, that in any case, persons acting as agents for the public, and known as such, and not making themselves liable, by any thing amounting to a personal contract, unless there be fraud, misrepresentation or warranty, can ever be rendered personally liable, even if no other person is liable. I think the doctrine of all the cases supports this position. *Paley on Agency* 296– 7-8-9. *Hodgson* v. *Dexter,* 1 *Cranch,* 345. *Macbeath* v. *Haldimand,* 1 *Term Rep.* 172. *Unwin* v. *Wolseley,* 1 *Term Rep.* 674. *Gill* v. *Brown,* 12 *Johns. Rep.* 385. and especially, the case of *Adams* v. *Whittlesey,* 3 *Conn. Rep.* 560. cited above.

Again ; it is always a question of *intention :* Is the contract made on public account, or is the individual contracting for himself ? Per *Thompson,* Ch. J., in *Gill* v. *Brown,* 12 *Johns. Rep.* 388. The learned Chancellor *Kent* concludes an elaborate examination of the cases, thus : " But the agent in behalf of the public may still bind himself, by an express engagement ; and the distinction terminates in a question of evidence. The enquiry, in all the cases, is, to whom was the credit, in the

contemplation of the parties, intended to be given ? This is the general inference to be drawn from all the cases; and it is expressly declared, in some of them." 2 *Kent's Com.* 633.

*Windham,*
*July, 1834.*

*Perry*
*v.*
*Hyde.*

But there is, in this case, a controuling fact. The defendants were not only acting for the public, and therefore, could not be deemed to contract personally, but the idea of personal liability is excluded. The stipulation on the face of the contract, is, that the bridge is to be built *without any expense to them, or either of them.* Personal liability is, then, not only not incurred, but expressly excluded. Surely, parties may make such contracts as they please ; and it is the duty of the court to enforce them. In *Thayre* v. *Wendell,* 1 *Gallis.* 40. the attempt was to subject the defendant in his personal capacity, on a covenant entered into by him *as executor.* The operative words were, " and in my capacity aforesaid, (that is, as executor,) *and not otherwise,* I do covenant," &c. The court held, that the words " *not otherwise,*" excluded all personal liability ; and Judge *Story* says : " The cases which have been cited, seem to me to proceed on this general ground, that no man, acting fairly and openly *in alieno jure,* and not otherwise, can be made answerable in his private capacity, upon the contract."

This case was argued at the last term of this court in this county ; and from a desire to come to a satisfactory decision of a case of a novel impression from some peculiarities attending it, we directed a continuance and a further argument. I am now well satisfied, that judgment must be given for the defendants.

The other Judges were of the same opinion.

Judgment to be given for the defendants.