[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff lessor, Paul Woytowich, brings this action to collect back rent, damages and attorneys' fees from Nina Edwards, whom he alleges took possession of premises at 166 Gravel St., Meriden, Connecticut, under a lease on July 17, 1995, and vacated on March 7, 1996 after not having paid rent since the previous January.
The defendant seeks to dismiss on the ground of lack of subject matter jurisdiction. She claims that she co-signed the lease on behalf of the state for the benefit of Alan Smith, a youth in the custody of the state who actually occupied the apartment, and cannot be held personally liable under the contract. The defendant's first motion to dismiss was denied by CT Page 1426 this court because there existed a question of fact concerning the capacity in which she signed the lease. Upon her motion to reconsider, this court allowed the defendant to file another motion to dismiss to (1) provide legal and factual support for her authority to enter into the contract, and (2) address the question of whether the state may have waived its immunity by certain paragraphs of the lease.
Practice Book § 143 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Sadlowski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody,N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "That a sovereign state is immune from suit, unless it consents to be sued, is the settled law of Connecticut. . . . The General Assembly, by appropriate legislation, can waive the state's sovereign immunity from suit and authorize suits against the state." (Citations omitted; internal quotation marks omitted.)Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "In certain circumstances, upon request of a claimant, the claims commissioner may, on behalf of the state, waive sovereign immunity with respect to a claim that it would otherwise bar."Lemoine v. McCann, 40 Conn. App. 460, 467, 673 A.2d 115, cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996); General Statutes § 4-160 (a).
A motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 143. "A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." Standard Tallow Corp. v.Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983).[1]
CT Page 1427
In her affidavit, the defendant explains that she is a social worker in the Department of Children and Families and that Alan Smith is a youth committed to the Commissioner for Children and Families. Under the state program known as CHAP (Connecticut Housing Assistance Program), which assists older minors in making the transition to independent living, she was assigned to aid Smith in finding an apartment. She engaged Lindwood Associates, a real estate agency, to assist in locating an apartment for Smith. She advised both the realtor and the plaintiff that she was a state social worker, that the apartment was for the exclusive use of Smith, and that she would not be residing there. The defendant states that she signed the lease in her official capacity to evidence that the state would meet its obligation under the CHAP program regarding this rental.
The plaintiff, in his counter-affidavit, states that during the negotiations concerning the rental, Edwards said that she would "stand behind" Smith and be responsible for any damage done to the premises. He claims that Edwards "understood" that he would be suing her and not the state. He also states that the realtor assured him that he was protected and that Edwards was "backing" Smith.
 I
The first issue is whether the defendant is obligated under the lease in her individual capacity.
Our discussion of this issue must begin with the case of [Adams v. Whittlesey, 3 Conn. 560 (1821)], which, despite its venerable age, is the controlling precedent." American TradingReal Estate Prop. Inc. v. Trumbull, 215 Conn. 68, 72,574 A.2d 796 (1990). In Adams, an agent for the town of Fairfield hired Adams to make some highway repairs, which he did. When the town did not pay him, he sued Whittlesey, the agent. The court instructed the jury that if the plaintiff knew that the defendant was acting as a public agent, he could not be held personally liable unless the jury found that the defendant had made a personal commitment. The court concluded that the law would not imply a contract of personal liability on the part of the defendant if (1) the plaintiff had full knowledge of the agency, (2) the defendant did not derive any personal benefit from the contract, and (3) the defendant did not agree to become personally obliged. Adams v. Whittlesey, supra, 5 Conn. 566. CT Page 1428 "[A]n express promise of a known agent, does not bind him personally, unless it was thus intended; and . . . the intent of the agent to bind himself personally, must be very apparent, indeed, to induce such a construction of the contract." Id.
The rule of Adams is generally recognized today: "[a] public officer acting within the scope of his authority and in his official capacity is generally not personally liable on contracts executed in behalf of the government. Where public agents, in good faith, contract with persons having full knowledge of the extent of their authority, or who have equal means of knowledge, they do not become individually liable, unless the intent to incur a personal responsibility is clearly expressed, even though it is found that through ignorance of law they may have exceeded their authority." 63C Am.Jur.2d, Public Officers and Employees § 342 (1997); see, e.g., Wilson v. Strange, 235 Ga. 156,219 S.E.2d 88, 95 (1975) (public officials are not personally liable on contracts entered into by them within the scope of their authority).
The parties' affidavits do not resolve all of the factual issues necessary to grant the defendant's motion. Nina Edwards' signature appears on the lease as "tenant" as does Alan Smith's. Woytowich does not deny that he knew that Edwards was a state employee acting in her official capacity, or that she did not advise him that she was seeking an apartment for a youth as part of her official responsibilities. Nor does Woytowich contradict Edwards' statement that she derived no personal benefit from the lease, or ever resided there or kept any personal belongings there.
On the question of Edwards' intention to be bound personally, Woytowich avows in his affidavit:
. . .
 5. I was very reluctant to lease to a 17 year old, and Nina Edwards said "I will stand behind him." I specifically asked "Will you also be liable for damage to the premises?" Ms Edwards answered "I will be responsible."
 6. Both Nina Edwards and I went over the lease form together, line by line, including the section on suit, section J.2. She fully understood it would be CT Page 1429 her I would be suing and not the State of Connecticut. In fact, I also sat there and watched and listened while her realtor explained every line to her. He told her she would be liable, and then he turned to me and said "You are pretty well covered. She's backing him[.]"
"The law . . . does not require an express acceptance.Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co.,
[159 Conn. 242, 246, 268 A.2d 391 (1970)]. Acceptance may be shown by acts or conduct indicating assent to an offer or, under appropriate circumstances, acceptance may be implied by the offeree's silence and inaction. John J. Brennan ConstructionCorporation, Inc. v. Shelton, 187 Conn. 695, 710, 448 A.2d 180
(1982); Shulman v. Hartford Public Library, 119 Conn. 428, 433,177 A. 269 (1935). Moreover, regardless of actual intent, if the offeree's conduct leads the offeror reasonably to conclude that the offer is being accepted, acceptance has taken place as a matter of law. John J. Brennan Construction Corporation, Inc. v.Shelton, supra, 709." Pleines v. Franklin Construction Co.,30 Conn. App. 612, 617, 621 A.2d 759 (1993). These observations are equally applicable to Edwards' intent to be bound personally.
Whether Edwards agreed to be personally bound by the terms of the contract is a question of fact. Amwax Corporation v.Chadwick, 28 Conn. App. 739, 742, 612 A.2d 127 (1992); SteeltechBuilding Products, Inc. v. Edward Sutt Associates, Inc.,18 Conn. App. 469, 472, 559 A.2d 228 (1989); Menard v. Gentile,7 Conn. App. 211, 213, 508 A.2d 456 (1986). The foregoing excerpt from the defendant's affidavit gives rise to a genuine issue as to that material fact. For this reason, the motion to dismiss is denied.
 II
Because of the disposition of the first issue, it is unnecessary at this time to resolve the second issue, whether the state waived its immunity when the lease was executed, which the court directed the parties to brief.[2]
Because there is a genuine issue of fact as to whether the defendant intended to be bound by the lease in he individual capacity, the defendant's motion to dismiss is denied.
BY THE COURT
CT Page 1430
Bruce L. LevinJudge of the Superior Court