Thacher, J.
I have had no doubt from the first opening of this case. It appears by the record that the plaintiff in error was acting as the agent of the public. The law is settled that any person ad *163 ing in that capacity, who makes contracts for the public—contracts in which he has no interest or concern other than as one of the individuals composing the body politic—does not render himself personally liable. The cases cited by the counsel for the plaintiff in error, are express to this point. I think, therefore, that the judgment ought to be reversed.
Sewall, J.
I give my opinion upon only one point in this case— that of the public agency of the plaintiff in error. It appears by the record that Brown, in this transaction, was acting as agent for the public, in a business of great national concern. Whenever a person acts as agent for the public, he is not personally liable for contracts made by him in that capacity, nor will it make any difference if the services, &c., as in the present case, were performed at the special instance and request of the person so acting as agent; for although, in common and ordinary cases, the law implies a promise and personal obligation as necessarily resulting from services performed on request, yet such implication never arises where it appears that the request was made by a public agent acting in a public concern. If the defendant in error has any claim, it is on the public; and it might have been, perhaps still may be, fairly presumed that the national legislature would provide for the payment of the witnesses summoned by the agent of the house of representatives.
* Sedgwick, J.
It is, in my opinion, unnecessary to [ * 216 ] decide on the several errors assigned, because there is one conclusive on the merits of the controversy between the parties. But before I proceed to that, I would observe, that the court below was, in my opinion, manifestly wrong in admitting the evidence which they did of the existence and service of the warrant, by virtue of which, as it is said, the original plaintiff was summoned to appear before Judge Cushing. By that admission, the great and first principle of evidence, that the best evidence of which the nature of the case will admit, it is to be required, was violated. No evidence was given that the warrant issued by Judge Cushing was lost or destroyed. It was therefore to be presumed that it was in existence ; and if so, it certainly ought to have been produced. The security of all we hold de°ar in society, renders it indispensable that the principle which has been stated should be adhered to, and never departed from. But if the judgment below should be reversed for this cause, the consequence would be that a venire facias de novo must be awarded. It is for this reason that the Court have proceeded further in their consideration of the case.
The Court is judicially informed that a number of the electors of the district for which Joseph P. Varnmn, Esq., was returned as a *164 representative to the house of representatives in congress, believing that he was not duly elected, had addressed the house, the constitutional and sole judges on that subject'. The petition was received and considered, and the house, believing that further évidence was necessary to enable them to form a judgment on the question— a question in which the whole nation was interested—a momentous concern, not of individuals only, but of the public—provided the means of obtaining the evidence. A judge was au- [ * 217 ] thorized to take it, and the plaintiff *in error was appointed the agent to transact the business. This, then, was the business of the nation, originating in an order of the constitutional organ, and necessary to the performance of a trust of the most important nature—not of partial or local concern, but of universal interest. And who shall defray the expense necessarily incident to this transaction ? Shall Mr. Brown, who was merely the agent of the public ? Reason and justice forbid it. There is no doubt but that he, by an express undertaking, in his private capacity, to pay the original plaintiff, might have made himself liable; and in that case, he must, for remuneration, have looked to the government. But there has been no such undertaking, nothing of that kind, in this case. It is to be observed that this was before there was any act of congress on the subject, and the question of the liability of the plaintiff in error must be decided from the nature of the thing.
I fully approve of the principles which governed the cases cited by the counsel for the plaintiff in error, by the former of which it was determined that an officer appointed by the government, treating as agent for the public, is not liable to be sued upon contracts made by him in that capacity; and by the latter, that a servant of the public, contracting, by deed, on account of government, is not personally answerable.
Dana, C. J.
The question referred to the Court by this record is, whether an individual who undertakes to act as agent for the public, is personally liable upon contracts made by him in that capacity, and upon his request. In this case, the subject was of general, national concern—all were equally interested—and it was the duty of every individual to give information on the subjéct. It has been said that l the plaintiff in error was one of the petitioners to the [*218] house of representatives. * If that be true, it does not make it his private concern. If Mr. Brown and the other petitioners really believed that the return was illegal, and that sufficient evidence could be adduced to prove the fact, it was their duty to make the representation to the house, the constitutional and only judges of the right to the seat, that the subject might *165 oe investigated. This was done, and the house appointed Broum their agent for that purpose. Ought it not to be presumed that congress would make provision for defraying the expense arising from the investigation ?. Can it be supposed that the agent of the house was to be personally answerable for the expenses incurred in the performance-of business done by their order ? But it is said that the defendant in error performed the services at the request of Brown, and therefore Brown is personally liable. It is undoubtedly true that, in a private, individual concern, services done upon request are a sufficient consideration, and the law implies a promise to pay for such services. That is not the present case ; for although it appears by the declaration that there was a request of Brown, yet it also appears by the record before the Court that the service was rendered for the public.
S. Dana, for the plaintiff in error,
moved for costs. It being mentioned by some of the Court that they did not grant costs upon the reversal of judgments for errors in law, the counsel said he did not ask for costs of the writ of error, but merely that the Court here should give such judgment as the court below ought to have given, viz., for the * costs to which the defendant, [ * 219 J Brown, would by law have been entitled up to the time of rendering the judgment in the Common "Pleas.
To this it was answered, by Bigelow, for the defendant in error, that it now appeared the court below ought to have arrested the judgment, in which case none are allowed, but each party pays his own costs—
Which was assented to by the Court, and

Costs not allowed. 
(1)

Considering the case in this view, that the business was of public, national concern, (and the Court give their opinions on this ground to prevent further prosecutions,) I am of opinion that the action cannot be supported, (a)

Judgment reversed.

 [Tippets vs. Walker & Al. 4 Mass. 595.—Freeman vs. Otis, 9 Mass. 272.—Dawes vs. Jackson, 9 Mass. 490.—Long vs. Colburn, 11 Mass. 497.—There is no difference between the agent of an individual and an agent of the government; the question in all cases is, to whom the credit is given. Rathborn vs. Budlong, 15 Johns. 1.—Mott vs Hicks, 1 Cow. 513.—Ed.]

See 1 Cranch, Rep. 345, Hodgson vs. Dexter.