DEMING *v.* BULLITT and Another, on Appeal.

DEMING
v.
BULLITT.

Ib 241
137 444

Ib 241
155 587

An instrument of writing containing the words *sealed with my seal,* &c., but having no seal on it, is not a deed.

If the declaration describe a bond as the cause of action, and the writing shown on oyer be not sealed, the variance is fatal on demurrer.

If the defendant demand oyer of a deed referred to in the declaration, without being entitled to it, and it be granted, the deed becomes a part of the declaration.

In private contracts, when a man describes himself as an agent, but covenants that he himself, or that his principal, will do a certain thing, and executes the deed in his own name, he alone is liable; the term *agent* being a mere *descriptio personæ.* But when, as agent, and with the requisite authority, he executes a bond for and in the name of his principal, binding him alone, the principal is responsible, the agent is not.

If a bond set forth, that *A. B.* as agent of *C. D.* legally appointed for the purpose, binds the said *C. D.* to make a title, &c., and it be executed thus, *A. B. (seal,) agent for C. D.,* it is the deed of *C D.,* provided the agent's authority be sufficient.

When an agent exceeds his authority, he may be liable himself, but his principal is not.

BLACKFORD, J., delivered the opinion of the Court in this case, in which the following points were determined:

*Tuesday,
May 6.*

1. A writing cannot be considered as a deed, unless there be a seal actually made upon the instrument. The circumstance of its containing the words *sealed with my seal, &c.* is not sufficient. Perk. sec. 129.—*Moore* v. *Jones,* 2 Ld. Raym. 1536.—*Warren* v. *Lynch,* 5 Johns. R. 239.

2. If a bond be described in the declaration as the cause of action, and the writing produced on oyer have no seal; the variance is fatal, and may be taken advantage of on demurrer. *Holman* v. *Borough,* 2 Salk. 658.—*Cooke* v. *Graham,* 3 Cranch, 229.

3. Where a bond upon which a suit is brought, is alleged in the declaration to have been executed for the defendant by his agent, oyer of the agent's authority cannot be required. If, however, upon oyer's being demanded, the plaintiff thinks proper to give it, he thereby makes the power of attorney, *in extenso,* a part of his declaration. *Smith* v. *Yeomans,* 1 Will. Saund. 317, note 2.—*Jeffery* v. *White,* Doug. 476.

4. In private contracts, when a man describes himself as an agent, but covenants that he himself, or that his principal, will perform a certain thing, and executes the deed in his own name,

31

the term *agent* is considered merely as descriptive of the obligor; and the person so covenanting for himself, notwithstanding his description of agent, is personally and alone responsible. *Appleton* v. *Binks,* 5 East, 148.—*Burrell* v. *Jones,* 3 Barn. & Ald. 47 (1). On the other hand, when a man with the requisite authority, as agent for another, executes a bond, not for himself, but for and in the name of his principal; and in the body of the obligation enters into no covenant for himself, but binds his principal alone for the performance of the contract; the agent, in such a case, is exempt from responsibility, and the obligatory effect of the deed upon the principal is the same as if he himself had executed it. *Combes's* case, 9 Co. R. 75.—*Wilks* v. *Back,* 2 East, 142.

5. A bond which sets forth, that *A. B.* as agent of *C. D.,* legally appointed for the purpose, binds the said *C. D.* to make a title, &c., and which is executed as follows, *A. B. (seal,) agent for C. D.,* is the deed of *C. D.,* provided the authority of *A. B.* be sufficient. *C. D.* is here alone bound for the performance of the covenants, and the bond is executed for him by his agent. If, instead of expressly binding *C. D., A. B.* had obligated himself, in the body of the deed, for the performance of the contract by *C. D.,* it would have been the deed of *A. B.* and not that of *C. D.,* notwithstanding the words *agent, &c.* attached to the signature and seal. But, in determining who are the parties to a deed, as in ascertaining the nature and effect of it, we must have recourse to the whole of the instrument. On the face of this bond it appears, that *A. B.* as agent of *C. D.,* legally authorized for the purpose, binds his principal for the performance of a contract, and as his agent seals it, adding immediately after the seal the words *agent for C. D. &c.* Here the covenants in the deed explain the nature and effect of the signature and seal, and distinctly point to the intention of the parties. They show that the words *agent, &c.* attached to the signature, are not merely descriptive, like that of *solicitor* in *Burrell* v. *Jones,* but were intended to explain that *A. B.'s* execution of the deed was not for himself individually, but for and in the name of him whose covenants are contained in it. The bond in *Wilks* v. *Back* was executed very much like this, and that was adjudged binding on the principal. So in *Jones' devisees* v. *Carter,* 4 Hen. & Munf. 184, the execution of a deed of partition by *B. Washington,* attorney

of *R. Carter*, was exactly the same with this, and it was consider-
ed the deed of *Carter* (2).

6. Where *C. D.* authorizes *A. B.* to execute a bond in his (*C. D.'s*) name for a title to certain land, but on which no suit is to be instituted until a patent is obtained, and until *C. D.* has ne-. glected or refused to make a title after being specially requested to do so; and, under that special authority, *A. B.* enters into an obligation, rendering his principal liable to an action at once, after receiving the patent, for not making a title to the purcha- ser, without his being previously requested to make it; the a- gent does not pursue his authority, but undertakes to bind his principal in a bond which the latter never authorized him to ex- ecute. The agent may be liable himself on the obligation; *White* v. *Skinner*, 13 Johns. R. 307; but it is not obligatory up- on his principal.

(1) Another case on this subject has recently occurred in *England*. As- sumpsit by *Norton* against *Herron* for a breach of the following simple con- tract:—"Memorandum of an agreement made this 14th day of *April*, 1824, between *George Herron*, on the behalf of *Edward Barron*, of the one part, and *James Norton* of the other part, to wit, first, the said *George Herron* doth here- by agree to execute unto the said *James Norton* a lease of all that messuage, &c. situate, &c., late in the possession of —— *Nicholls*, to hold from the 12th of *May*, being the half-quarter between Lady-day and Midsummer now next ensuing, for seven, fourteen, or twenty-one years, at and under the annual rent of 130*l.*" &c.: *Held*, on the authority of *Appleton* v. *Binks*, and *Burrell* v. *Jones*, cited in the text, that *Herron* was personally liable. *Norton* v. *Herron*, 1 Carr. & Payne, 648. Vide *Duvall* v. *Craig*, 2 Wheat. 45, 56, and note.— *M'Clure* v. *Bennett*, ante, p. 139.

There is a considerable difference, on this subject, between these private contracts, and those made by agents of government. Vide *Macbeath* v. *Hal- dimand*, 1 T. R. 172.—*Unwin* v. *Wolseley*, Ibid. 674.—*Myrtle* v. *Beaver*, 1 East, 135.—*Rice* v. *Chute*, Ibid. 579.—*Prosser* v. *Allen*, 1 Gow's R. 117, and note.—*Jones* v. *Le Tombe*, 3 Dall. 384.—*Hodgson* v. *Dexter*, 1 Cranch, 345.—; *Brown* v. *Austin*, 1 Mass. 208.—*Freeman* v. *Otis*, 9 Mass. 272.—*Sheffield* v. *Wat- son*, 3 Caines' R. 69.—*Adams* v. *Whittlesey*, 3 Conn. 560.—*Gill* v. *Brown*, 12 Johns. R. 385.—*Walker* v. *Swartwout*, Ibid. 444.—*Swift* v. *Hopkins*, 13 ib. 313. —*King* v. *Butler*, 15 ib. 281.—*Olney* v. *Wickes*, 18 ib. 122.

(2) It is most advisable, however, when the principal alone is to be bound, to write the deed as if it were to be executed by the principal in person, without inserting the attorney's name in it at all; thus, "This indenture made, &c., be- tween *John Doe*, of, &c., and *Richard Roe*, of, &c., witnesseth," &c.; and to have it executed in this form,—*John Doe*, (*seal,*) by *Richard Fenn*, his attor- ney. 2 Wheat. 56, note.