*Respondeas ouster.*

State Lank<br>*v.*<br>Welles.

## Gamaliel Bradford *versus* Thomas Rowe.

The warden of the State prison brought an action, pursuant to *St.* 1813, *c.* 47, § , upon a contract relative to the employment of convicts within the prison, and died pending the suit. It was *held*, that neither his successor nor executor could be compelled to prosecute the suit, and that the defendant's remedy for his costs was by application to the legislature. [1]

Bradford, warden of the State prison, commenced this action on a contract made between him as warden, and the defendant, relative to the employment of convicts within the prison, in conformity to *St.* 1813, *c.* 47, § 1. This statute provides, that " all contracts &c. shall &c. be made by and with the warden &c. for the time being, and with his successors in office, and any such contract may be prosecuted &c. in the name of said warden; and if, during the pendency of any such suit, the warden should die, &c., the successor &c. may be admitted to prosecute the same, and such suit shall not, by such death, &c., abate."

Pending the action Bradford died, and Thomas Harris was appointed warden and entered on the duties of the office. The defendant cited Harris into court to take upon himself the prosecution of the suit. Harris thereupon appeared and disclaimed all knowledge or interest in the subject matter of the suit, and prayed that the citation might be considered as improvidently issued and that he might be discharged.

The question was, whether Harris was liable to pay the defendant's costs.

---

[1] But under the Revised Statutes the successor of the warden has the right, or may be compelled by the adverse party, to prosecute or defend the suit, so commenced by his predecessor. Revised Stat. *c.* 144, § 19.

Bradford
*v.*
Rowe.

*March 14th.*
*March 15th.*

The case was argued by *J. T. Austin* on the part of Harris, and *H. Orne* on the part of the defendant.

PARKER C. J., in giving the opinion of the Court, said the statute provides only that the successor may be admitted, not that he shall be compelled, to prosecute the suit, and it is very clear that he was not bound to come into court and expose himself to a judgment. No action against the warden is given by the statute, and none would lie against him upon the contract, because he avowedly contracts as a public officer. *Hodgson* v. *Dexter*, 1 Cranch, 363; *Macbeath* v. *Haldimand*, 1 T. R. 172.[1] The expression in the statute, that the suit shall not abate, taken in connexion with the rest of the section, must mean that the defendant shall not have the suit abated when the successor wishes to proceed in the prosecution. The defendant's remedy for his costs must be by an application to the legislature.

In answer to a question by counsel, whether the executor of the deceased warden might not be liable, the *Chief Justice* said the Court had considered that point and they were of opinion that he was not liable. According to the statute none but the successor can have any relation to the contract.

*Action dismissed.*

---

*Freeman* v. *Otis*, 9 Mass. R. 272; *Dawes* v. *Jackson*, 9 Mass. R. 490; *Brown* v. *Austin*, 1 Mass. R. 208; *Walker* v. *Swartwout*, 12 Johns. R. 444; *Allen* v. *Waldegrave*, 8 Taunt. 566; *Gidley* v. *Palmerston*, 7 Moore, 91; *Rathbon* v. *Budlong*, 15 Johns. R. 1; *Adams* v. *Whittlesey*, 3 Connect. R. 560; *Stinchfield* v. *Little*, 1 Greenl. 231; *Hovey* v. *Magill*, 2 Connect. R. 680: *Mann* v. *Chandler*, 9 Mass. R. 335.