Walwobth, Chancellor.
The question in this case arises upon a demurrer to a declaration in covenant upon a sealed-instrument, stated in the declaration to have been an agreement between the plaintiffs and I. Townsend deceased, by H. Baldwin their attorney, of the first part, and the defendants of the second part, whereby the parties of the first part agreed to sell and convey, and the defendants agreed to purchase and pay for certain lots at Syracuse. As we cannot look beyond the declaration for the purpose of ascertaining the real state of *357 facts in this case, we must, for the purposes of the decision which is now to be made, take it for granted that Baldwin was duly authorized by the plaintiffs and Isaiah Townsend, to make a contract for them and in their names, under seal, to sell and convey the lands mentioned in the instrument declared on, so as to make a valid contract for such sale under the provisions of the present statute of frauds; which statute requires the contract to be in writing and to be subscribed by the parties by whom the sale is to be made, or by their agent lawfully authorized. (2 R. S. 135, § 8, 9.) On the other hand, we are not to inquire whether, if there has been an imperfect execution of the contract by the attorney, there has been such an execution thereof as to entitle the plaintiff to a specific performance in equity. But the point presented for our consideration, upon this writ of error, is a dry question of law, whether the agreement set out in the declaration was executed in such a manner as to authorize the plaintiffs to recover thereon against the defendants, in this form of action, as upon an agreement, under seal, between the plaintiffs and Isaiah Townsend deceased, and these defendants.
In an agreement not under seal, executed by an agent or attor- ' ney in behalf of his principal, and where the agent or attorney is duly authorized to make the agreement, it is sufficient, as a general rule, if it appears in any part of the instrument that the understanding of the parties was that the principal, and not the agent or attorney, was the person to be bound for the fulfilment of the contract. And even in the case of a sealed instrument, executed by an attorney duly authorized by a power under seal, no particular form of words is necessary to render it valid and binding upon the principal, provided it appears upon the face of the instrument that it was intended to be executed as the deed of the principal, and that the seal affixed to the instrument is his seal and not the seal of the attorney or agent merely. (Wilks v. Back, 2 Easts Rep. 142.) And where the deed is executed for several parties, it does not appear to be necessary to ■ affix a separate and distinct seal for *358 each, if it appears that the seal affixed was intended to be adopted as the seal of each of the parties. (Perkins, 59, § 134; Lord Lovelace’s case, Sir Wm. Jones’ Rep. 268; Ball v. Dunsterville, 4 T. R. 313.) (a) But where it distinctly appears from the deed or instrument that the seal affixed thereto is the seal of the attorney and not of the principal, the latter cannot be made liable in an action of debt or covenant, as upon a specialty ; nor will such deed or instrument pass any title or interest belonging to him which by law requires a deed or instrument under seal to transfer or discharge it. Thus, in the anonymous case from Moore, referred to in the opinion of Justice Bronson in this case, where the king’s surveyor was empowered by letters patent from the crown to make leases of certain lands for him for life, reserving the ancient rents, and a lease was made by him in the name of the king as the party of the first part, and J. S. of the second part, whereby, as stated in the lease, the king demised the premises to J. S. for life &c.; but in the in testimonium clause, at the close of the instrument, it was stated that the said surveyor had thereunto set his hand and seal, the court held the lease void, because it was not sealed in the name of the king, but by the surveyor in his own name.
That case appears to run on all fours with the one under consideration, so far as regards the question whether the instrument declared on here is to be considered the deed of the plaintiffs. For the concluding clause of the instrument in the present case is, “In witness whereof, the said Harvey Baldwin, as attorney for the parties of the first part, and the said parties of the second part, have hereunto set their hands and seals the day and year first above written. Harvey Baldwin. (l. s.) Caleb Hubbard, (l. s.) D. A. Orcutt. (l. s.”) And the more recent case of Berkley v. Hardy, in the court of *359 king’s bench in England, (5 Barn, & Cress. Rep. 355,) fully sustains the principle adopted in the case from Moore’s Reports. For there the plaintiff, Berkley, was not permitted to recover against the defendant who had signed and sealed the lease, and had, in the body of the instrument, covenanted directly and in terms with Berkley ; because it appeared from the lace of the instrument that Simmonds, the attorney of Berkley, had sealed the lease in his own name, instead of executing it in the name of Berkley, his principal.
The case of Magill v. Hinsdale, (6 Conn. Rep. 464,) is undoubtedly a decision in favor of the position assumed by the counsel for the plaintiffs in error, that this agreement was properly executed as the deed of the plaintiffs and of Isaiah Townsend ; for it was there held that an instrument purporting that the attorney of a corporation had set his seal thereto, in behalf of the corporation, was sufficient to transfer the legal title of the corporation in real estate, in the same manner as if it had been executed under the corporate seal.(b) That decision, however, appears to be in conflict with the whole current ot authority both in this country and in England. Although this rule of requiring sealed instruments, when executed by an attorney, to be executed in the name of the principal, and to purport to be sealed with his seal instead of the seal of the attorney, may be considered as merely technical, yet it is one upon which the titles to many estates may depend, and which has been too long established to be now altered by the courts.
For that reason I think the demurrer to the declaration in *360 this case was well taken, and that the judgment of the supreme court should be affirmed.
Huger, Senator.
The plaintiffs in this cause declared on a deed or covenant, of which oyer is given. It would seem, from the body of the deed, or the commencement of it, that the plaintiffs once contemplated entering into a covenant or agreement with the defendants; but they never went so far as to execute the instrument. On the contrary, they have left it unfinished and defective ; wanting, at least, their names and seals to make the instrument valid in law.
It is true, the instrument is executed by the defendants under their seals, and under the hand and seal of Baldwin, who, in the commencement of the instrument, purports to act as the attorney of the plaintiffs. But he executes it under his own hand and seal, evidently without any intention of binding himself, and in a way that cannot bind the plaintiffs. The law prescribes certain forms for the execution of deeds; and, by referring to authorities as the safe rule for determining the validity of the instrument declared on in the present case, it will be seen that they are with great uniformity opposed to its validity. There is no hardship in this case. The plaintiffs retain their land ; and certainly they ought not to be allowed to enforce a covenant, which, by reason of a failure to execute it on. their part, is without mutuality or consideration. It is true, Isaiah Townsend approved of the instrument, but it was not intended that he should be bound alone, without the other plaintiffs joining in the execution of the instrument; and if it was binding upon him alone, the action should have been brought by his legal representatives as the only plaintiffs in the suit.
In my opinion the decision of. the supreme court ought to-be affirmed,
*361 Dickinson,, Senator.
Although several points are made in this case by both the plaintiffs and defendants in error, there seems to be.really but one on which the court is called to pass judgment ¡ and that is> whether the contract set- forth in the pleadings is valid and binding upon all the parties to this suit. Indeed, the course of the argument shows that the counsel themselves have regarded this as the main point" in controversy. As, however, other questions have been raised, it may be well to devote a little time to their consideration, before proceeding to the discussion of the principal point.
It is alleged by the defendants in error that there is no evidence before the court that Baldwin had power to enter into and execute the contract in question ; and that the plaintiffs in error, being trustees and executors, could not act in the sale of real estate by attorney. However the fact may be, it is a sufficient answer that the cause is to be tried upon the record before us, and that the demurrer interposed to the declaration admits and disposes of these and all similar considerations.
Something has also been said of the hardship of the case. With this, however, the court have nothing to do. Whether the contract which is the basis of this suit was advantageous to one or the other of the parties to it, is a question which this court cannot entertain.
The only question before us is, whether the contract is valid and legal. If it is, the decision of the court below must be reversed j if not, it must be affirmed. One mode of settling this question is, to look at the intention of the parties for the purpose of ascertaining whether they designed to make a contract which should be binding upon themselves. If they did, this court will never disturb it. What then ia the nature of the contract under consideration '1 It is an agreement for the sale and purchase of land. And, as to the intention of the parties, can any one doubt that the plaintiffs meant to enter into a covenant for the sale of- the land on receiving the purchase money, and that the defendants expected and intended to buy and pay 1 Can there be a doubt as to what were the *362 plaintiffs’ intentions, or the intention of Baldwin the agent 1 Is not the agreement in the usual form of contracts for the bargain and sale of land 1 Are there any reservations or limitations contained in it 1 Is there any ambiguity upon the face of it 1 Does it admit of any other idea than that of a real and bona fide design of selling by the one party, and of purchasing by the other 1 Yet, in a case similar to the present, (Townsend v. Coming, 23 Wend. 435, 442,) it was gravely said to be “ very far from being clear that Baldwin intended to bind his principalsand in support of the remark it was erroneously asserted that “ the attorney was careful, in the conclusion, not only to execute, but to say that he executed for himself only.” This assumed fact is mentioned in connection with the subsequent ratification by Isaiah Townsend, two years after the execution of the contract, to prove that Baldwin did not intend to bind his principals. The only difference between that case and this, is in the time of the endorsement and ratification of the contract by Isaiah Townsend. In that case, two years had elapsed; but in this, the endorsement appears to have been made on the same day the contract was entered into, and the pre_sumption is that it was a simultaneous act. How far this difference in time may have influenced the conclusions arrived at in Townsend v. Corning, I have not the means of determining. If this fact were regarded as material, it-might have had the sole agency in producing the result; but if otherwise, it is impossible to conceive how such an inference could be drawn from such premises, thus impugning the motives of Baldwin, and questioning the intention, through him, of the parties at the time of entering into the contract under consideration. I would not be disrespectful; but I must be permitted to say that the whole course of reasoning, upon that point at least, is most extravagant and untenable. r.
Assuming then, that it was clearly the intention of all the parties to make a legal and valid contract, it may be laid down as a principle, that it is the duty of courts of justice, so far as *363 they consistently can, to aid parties in carrying out their con tracts—not in destroying them.
But it is said that this contract lacks mutuality. If by this is meant a want of reciprocal terms in the body of the contract, I am so unfortunate as not to be able to discover the defect. The plaintiffs contract to sell certain premises, and the defendants agree on their part to pay a certain price at certain periods of time. This, so. far as the terms are concerned, renders the contract mutual.
But it is said, the instrument is not mutual in its execution, inasmuch as the names and seals of the plaintiffs are not affixed to it: and that their attorney who has signed and sealed it, agrees to nothing. This I take to be the main and only point in the case. From the view already taken, it is evident that it was the intention of the parties, including the agent, to make the contract mutual in all things, and valid and binding on all the parties. Let us now see whether they have been or are to be defeated in their intention by any nice or technical rule of law. There can be no doubt that the agent’s authority is ad mitted by the demurrer ; and the question therefore is, whether he has executed his authority in such a manner as to bind his principals. It is conceded that contracts for the sale of lands are, under our statute of frauds, required to be in writing. This contract is in writing, and in point of form is unexceptionable. But is it signed and sealed by the agent in a proper manner 1 Let us examine the contract itself with a view to determine this question. It commences thus: “Article of agreement made the 25th day of November, 1835, between Isaiah Townsend and John Townsend of the city of Albany, James McBride of the city of New-York, Gideon Hawley, James King and Augustus James, trustees and executors of William James deceased, also of the city of Albany, by Harvey Baldwin of the village of Syracuse, their attorney, of the first part, and Caleb Hubbard and Darius A. Orcutt, of the second part, witnesseth,” &c. Then follows the different provisions and stipulations of the contract, which closes in the following manner : “ In wit *364 ness whereof the said Harvey Baldwin, as attorney of the parties of the first part, and the said parties of the second part, have hereunto set their hands and seals the day and year first above written. [Signed] Harvey Baldwin, [n.. s.] Caleb Hubbard, [l. s.] D. A. Orcutt. [l. s.]” It is endorsed as follows : “ I hereby countersign and approve the within contract. . In witness whereof 1 'have hereunto set my hand and seal this 25th day of Nov. 1835. [Signed] Isaiah Townsend. [l. s.]” Here then is the simultaneous act of the agent and Isaiah Townsend, the former signing and the latter approving the contract on the one part. There is no pretence that the plaintiffs, or any of them, have eve-at any time denied Baldwin’s right or power to enter into the contract; nor have they in any manner disapproved of his -acts. On the contrary, by bringing this action they have directly recognized his authority; and yet it is pretended that the contract is void because the plaintiffs are not bound by it. I suppose if the in testimonium clause and endorsement by Isaiah Townsend were stricken out, it would still by a valid contract.
But it is said that sealing an instrument is a very solemn act, and to make this a good execution, each of the plaintiffs’ names should have been written by the attorney, and a seal affixed opposite to each. There may be instances, and no doubt are, where seals are essential to the validity of an instrument; but this is not one of them. I have no partiality for these solemn forms, which had their origin in the dark and barbarous ages. The cause for their use has long since ceased to exist in this country, and I should be glad to see the custom discontinued. Thank heaven, we have here no titled nobility with their heraldic insignia and bearings which render necessary the use of seals. We have no statutes of entailment and primogeniture, locking up all the landed interests of the country, century after century, in a few privileged families, while the great mass remain dependent vassals. We need no system of enactments, and black-lettered law, throwing guards around real estate in order to *365 prevent its alienation, and creating a monied aristocracy to lord it over the people. Ours is a different plan—a different policy. By the declaration of independence, we swept away those guards ; and, by the adoption of our constitution and our whole system of subsequent enactments and adjudications, our country and her institutions have' been placed upon a different basis—a basis more consonant with the liberty, equality and rights of man.
The facility with which real estate may be acquired in this country is one of our proudest boasts. Indeed, such is the character of our people and their disposition to traffic, that land may be said almost to have become an article of commerce 5 and yet we have unwittingly retained one of those aristocratic forms invented to discourage its alienation. I mean the seal. The custom which sanctions its use under any circumstances is unnecessary, opposed.to the genius and spirit of the times and of our free institutions, and ought long since to have been abolished.
Entertaining these views, I would not extend the use of the seal to any case except where existing rules imperiously demand it. This is not one of those cases. The contract here did not profess to pass the fee. It was a contract of sale only, and would have been just as valid without a seal as with it This point conceded, was there not such an execution of the contract by the agent or attorney as would bind the principals 1 An entry in the book of an auctioneer, without his signature, has been held sufficient to bind his principal; and this is a much stronger case.
The cases relied upon by the defendants in error, so far as I have examined them, are all cases where the seal was necessary to the validity of the instrument, and they can have, there - fore, no direct bearing upon this case. Here the seal might be rejected as surplusage, and the instrument still be good. In the late case of Evans v. Wells, (22 Wend. 324,) in this court, cited by the counsel for the plaintiffs in error, this distinction was well taken by Mr. Verplanck, and sustained by the court • *366 and I trust that the present members, most of whom were members then, are not yet prepared to recede from that decision. The counsel for the defendants in error seemed to think that the distinction between instruments required to be sealed and those which are not, was not a point involved in that case. I think otherwise. It was in my judgment fairly before the court, and must be considered as conclusive in this case. But whether so or not, the principle is a sound one, and should be adopted here.
But let us test the question by a principle which cannot err. Suppose Hubbard and Orcutt had (as they probably would have done in the event of the contract proving a good one) insisted upon the performance of the contract by the plaintiffs in error; and suppose the latter had refused to give a conveyance pursuant to the terms of the contract. Does any man doubt but that the court of chancery would have entertained a bill, and decreed a specific performance 1 If so, the contract is mutually binding, and good against all the parties. This test must be conclusive against the defendants in error.
But again, in addition to the case cited, we have some lights thrown in by our sister states. The case of Montgomery v. Dorion, (7 N. H. R. 475,) involved precisely the same point as that presented in this case, and arose upon the same state of facts, so far as regards the form of executing the instrument. In that case, the petitioner offered in evidence a deed dated November 20, 1828, which purported to he a conveyance of the premises to him by Joseph.Dorion and others ; but it was executed as follows : “ In testimony of the foregoing, I. Wins-low, Jr., being duly constituted attorney for the purpose by all the foregoing grantors, has hereunto set his hand and seal. [Signed] Isaac Winslow, Jr.” and seal. Richardson*, C. J. (id. 484,) said: “ When an attorney or agent makes a deed of land, to make it pass the estate of the principal, it must be made in the name of the principal. (4 N. H. R. 102.) In this case, the deed is in the name of the principals, so that the only objection to it is, that it is not so executed as to make it *367 the deed of the principals. There is no particular form of words required to be used, provided the act be done in the name of the principal. (2 Stark. Ev. 477.) Where a deed was executed thus—‘ For James Brown, M. Wilkes and seal,’ it was held to be well executed. (Wilkes v. Back, 2 East, 142.) It is not material that there should be more than one seal. (Ball v. Dunsterville, 4 Durn. East, 313.) It is immaterial whether the names of the grantors are put at the bottom or the top of the writing, if in the whole instrument the grant purports to .be their grant. (Ogilvie v. Foljambe, 3 Merriv. 52; 2 Starkie’s Ev. 605.) In this case, in testi-' mony that the grantors who are named as such in the deed make the conveyance, the agent puts his hand and seal to the instrument. This seems to be tantamount to putting his hand and seal to the deed for them, which is sufficient. We are of opinion that the deed is sufficient to pass the estate.” Here is a case directly in point, covering the whole ground, and should be regarded at least of as much weight, and entitled to as much respect as any English authority.
There is another case equally strong and in point, decided by the supreme court of Indiana, viz. Demming v. Bullitt, (1 Blackf. 241.) In delivering the opinion of the court in that case, Blackford, J. said : “ A bond which sets forth, that A. B., as agent of C. D., legally appointed for the purpose, binds the said C. D. to make a title &c., and which is executed as follows—A. B. (seal,) agent for C. B., is the deed of C. D., provided the authority of A. B. be sufficient. C. D. is here alone bound for the performance of the covenants, and the bond is executed for him by his agent.” “ In determining who are the parties to a deed, as in ascertaining the nature and effect of it, we must have recourse to the whole of the instrument. On the face of this bond, it appears that A. B., as agent of C. D., legally authorized for the purpose, binds his principal for the performance of a contract, and as his agent seals it, adding immediately after the seal the weeds agent for C. B. &c. Here the covenants in the deed expíen the nature and effect of the signature and seal, and distinew point to the intention *368 of the parties. They show that the words agent fyc. attached to the signature, are not merely descriptive, like that of solicitor in Burrell v. Jones, but were intended to explain that A. B.’s execution of the deed was not for himself individually, but for and in the name of him whose covenants are contained in it. The bond in Wilks v. Back was executed very much like this, and that was adjudged binding on the principal. So in Jones’ devisees v. Carter, (4 Hen. & Munf. 184,) the execution of a deed of partition by B. Washington, attorney of R. Carter, was exactly the same'with this, and it was considered the deed of Carter.”
These accumulated reasons and authorities strengthen each other, and bring us to the irresistible conclusion that the contract in question is legal and valid, and should be maintained.
As to the want of consideration, which is stated in one of the defendant’s points, one dollar is admitted to have been paid, and that is as good as $1000, so far as the validity of the contract is concerned. But again : the covenants, being mutual, furnish of themselves sufficient consideration. It cannot, I think, be seriously contended that the contract is void for this reason. I am of opinion that the judgment below ought to be reversed.
Scott, senator, delivered a written opinion in favor of affirming the judgment of the supreme court,
On the question being put, 56 Shall this judgment be reversed 1” all the members of the court who heard the argument, (twenty in number,) except Dickinson, senator, voted in favor1 of affirmance.
Judgment affirmed.

 See M’Dill’s lessee v. M’Dill, (1 Dall. Rep. 63,) Bohanans v. Lewis, (3 Monroe, 376;) Yarborough v. Monday, (2 Dev. Rep. 493;) Stabler v. Cowman, (7 Gill & John. 284.)

 Where a corporation authorized its president to execute a deed of lands belonging'to the coiporation, and he executed one, naming the coiporation as grantors, but attested it thus: “ In witness whereof I, O. Spencer, president, have hereunto set my hand and seal,” &c., signing his own name as president opposite the seal, which exhibited no impression: Held, the individual deed of the president, and not that of the corporation. (Hatch's lessee v. Barr, 1 Hamm. Rep. 390, 394.)