## GRAVES vs. McWILLIAMS.

1. LOCAL ACT — NOT THEREFORE PRIVATE. The fact that the charter of Green Bay is a local law does not, in contemplation of law, render it a private act, so as to take from its officers their public character, and those immunities which such officers have by law.
2. AGENCY — CONTRACT. If an agent on behalf of government, makes a contract, and describes himself as such, he is not personally bound, even though the terms of the contract be such as might, in a case of a private nature, involve him in a personal obligation.
3. SAME. An agent on behalf of the public may bind himself by an express engagement, and in all cases where it is sought to hold such an agent personally liable, the inquiry is, to whom was the credit intended to be given.
4. VILLAGE ORDERS. Where a village officer as such drew an order for a sum of money upon another officer of the village, in favor of a third person, *held,* that the officer drawing such order could not be held personally liable thereon.

ERROR to the District Court for *Brown* County.

The case is fully stated in the opinion of the court.

*Morgan L. Martin*, for plaintiff in error:

The clerk had no authority to draw the order; and it does not bind the town, but is binding on the drawer individually.  13 Johns. 310 ; 1 Cowen, 536.

*John Catlin*, for defendant in error:

*McWilliams* merely attested the order in his official capacity as clerk, as it was his duty to do.  In such case the officer is not liable personally, unless he expressly binds himself.  1 Cranch, 345 ; 2 Kent's Com. 632.  It is obvious that he did not intend to bind himself, and that the credit was not given to him, but to the corporation, and he is therefore not liable.  11 Mass. 96 ; 2 Greenlf. 14.

IRVIN, J.  In 1839, the legislative assembly of the Territory passed an act of incorporation for the town of Green Bay.  Afterward, as we suppose (for the instrument has no date), *George McWilliams*, as clerk, drew the following order:

"*No.* 125.              *President and Trustees' Office,* }
                        GREEN BAY, W. T.          }

SIR : Pay J. H. Smalley, or bearer, one $\frac{25}{100}$ dollars out of any money in the treasury unappropriated.  North Ward.

Attest,                    G. McWILLIAMS, *Clerk.*"

On the 13th day of August, 1842, the present plaintiff (as bearer we suppose) commenced suit before a justice, against the defendant, to recover the amount of the order, and afterward obtained judgment, from which an appeal was taken to the district court, where the naked question of the defendant's liability on the order seems to have been submitted, and on which the court decided in favor of the defendant, from which decision the case is brought here on writ of error.

The principal ground relied on by the plaintiff is, that the defendant, having no authority under the charter to

Graves vs. McWilliams.

draw such an order, by the act of drawing became personally liable, regarding it as a promise on his part to pay. The obvious reply to this is, that he acted as a public agent, and was dealt with in that capacity.

The fact that the charter of Green Bay was local does not make it, in the just contemplation of law private, to the extent of taking from its officers their public character and those immunities given to them as such. Chancellor KENT, in the 2d volume of his commentaries, asserts that "there is a distinction in the books between public and private agents, on the point of personal responsibility. If an agent, on behalf of government, makes a contract, and describes himself as such, he is not personally bound, even though the terms of the contract be such as might, in a case of a private nature, involve him in a personal obligation." *Macbeath v. Haldimand*, 1 Term R. 172; *Unwin v. Wolsely*, id. 674; *Brown v. Austin*, 1 Mass. 208; *Daws v. Jackson*, 9 Mass. 490; *Hodgson v. Dexter*, 1 Cranch, 345; *Walker v. Swartwout*, 12 Johns. 444; *Rathbone v. Budlong*, id. 15; *Adams v. Whittlesey*, 3 Conn. 560; *Stinchfield v. Little*, 1 Greenlf. 231.

"The reason," says the learned commentator, " of the the distinction is, that it is not to be presumed that a public agent meant to bind himself individually for the government; and the party who deals with him in that character is justly supposed to rely upon the good faith and undoubted ability of the government. But the agent in behalf of the public may still bind himself by an express engagement, and the distinction terminates in a question of evidence. The inquiry in all the cases is, to whom was the credit, in the contemplation of the parties, intended to be given."

There was before the court below, as now before this court, nothing but the order itself, upon the face of which there certainly is nothing that looks like an intention, on the part of the defendant, to make himself personally liable; nor is there even a promise to pay. The instrument is merely an order from one of the public agents of

the limited government of that corporation on another, to pay to the bearer thereof the sum specified. Nor was it possible, by any just construction of the instrument, for the bearer, or any one else, to suppose that the defendant ever intended to be personally responsible for it. But if an action could be supposed to be maintainable in such a case, it surely would not be such as is resorted to in this case.

The district court did not err in its judgment, and it must be affirmed with costs.