McCLAIN *v.* DOE on the demise of MALONE.

Ejectment by *A.* against *B.* for a tract of land. *A.* introduced patents from the *U. S.* for the tract, and also a lease under seal made by one *C.* and *B.* for the same land. In the introductory part of the lease, *C.* described himself as the agent of *A.*, but it was signed and sealed by *C.* The lease contained a stipulation that *B.* would leave the premises, if requested, on the first of *March*, 1850, &c.

*Held*, that *A.*, by allowing *B.* to enter and occupy under the lease, and by offering the lease in evidence, adopted and confirmed the act of *C.*

*Held*, also, that *B.*, in the present case, was estopped by the recitals in the lease from denying that *C.* was *A.*'s agent.

*Held*, also, that *A.*, in order to terminate the lease, was not required to give *B.* written notice to quit three months before the first of *March*, 1850.

May Term, 1854.

McCLAIN
v.
DOE.

Friday,
June 9.

ERROR to the *Hendricks* Circuit Court.

STUART, J.—Ejectment by *Isaac Malone* against *Mc-Clain*, for a tract of land in *Hendricks* county. Judgment for *Malone*.

*Malone* introduced in evidence patents from the *United States* to him covering the land in controversy. He also introduced a written lease under seal, dated *February* 4, 1850, made by *John Malone* and *James McClain* for the same land. Among other things, it is stipulated in the lease that *McClain* will "leave the premises, if requested, on the first of *March*, 1850, in good repair and clear of all incumbrance." The lease is signed and sealed by *John Malone*. In the introductory part he describes himself as the agent of *Isaac Malone*.

It is objected that this is the lease of *John* and not of *Isaac Malone;* and that as *John* had no title, the lease was void and the use and occupation of *McClain* operated as a tenancy from year to year, entitling him to three months' notice to quit under the statute. R. S. 1843, pp. 441 and 817.

In support of the first objection we are referred to *Deming* v. *Bullitt*, 1 Blackf. 241 and note. The facts of that case are not reported; but the doctrine held is not favorable to *McClain's* position. The lease was unquestionably the deed of *McClain;* and also of *Isaac Malone*, if he chose to to adopt it. By permitting *McClain* to enter and occupy under the lease, and offering that instrument in evidence as a link in the chain to show his right of possession, *Isaac Malone* did adopt and confirm the act of his agent *John*. *McClain* was estopped by the recitals in the lease itself, at least so far as the question arose in this case, from denying that *John* was the agent of *Isaac*. Had *Isaac* repudiated the lease and the authority of *John* to make it, and turned *McClain* out of possession before the expiration of the term, then, in the language of *Deming* v. *Bullitt*, *John Malone* would have been "personally and alone responsible." In a suit by *McClain* against *John Malone*, under such circumstances, the case of *Norton* v. *Herron*, and the other cases cited in the note, 1 Blackf. 243, would have been

exactly in point. But the facts of this case present an May Term, entirely different question. It can not be seriously doubted 1854. but that *Isaac Malone* had a right to adopt the acts of his MILES agent as his own, if he saw proper. The course pursued THE STATE. is, we think, in substance such adoption.

*McClain* being in under the lease, the only remaining question is, was he entitled to written notice to quit? The lease was for a definite period, at which time he was to leave if required. We are of opinion that written notice three months before the first of *March*, 1850, is not required by the terms of the lease. A further tenancy from year to year, on the same terms, was clearly not in the contemplation of the parties.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Brown* and *A. G. Porter*, for the plaintiff.

*C. C. Nave*, for the defendant.

